IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**KENNY BUSH**                                                                                       **PETITIONER**
**ADC #088682**

VS.                            CASE NO.: 5:14CV00395 KGB/BD

**LARRY NORRIS, Interim Director,**[1]
**Arkansas Department of Correction**                                          **RESPONDENT**

# RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Kristine G. Baker.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

---

[1] Larry Norris is Interim Director of the Arkansas Department of Correction and is hereby substituted as the proper Respondent in this case.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Background**

On August 1, 2000, a Pulaski County, Arkansas jury found Petitioner Kenneth Bush guilty of aggravated robbery and theft of property. *Bush v. State*, CACR 00-1435, 2001 WL 651384, *1 (2001). He was sentenced as a habitual offender to sixty years' imprisonment. *Id*.

Mr. Bush appealed to the Arkansas Court of Appeals, arguing that the evidence presented by the State was insufficient to prove that he was guilty of aggravated robbery. *Id*. But the Court of Appeals disagreed. The Court found that the evidence presented at trial:

> demonstrated that appellant [Mr. Bush], along with Thomas Smith and two other persons, went to Allister Mosley's apartment, where Smith stabbed Mosley with a knife and hit him in the head several times with a chair. Appellant pointed his pocket toward Mosley as if he was armed with a gun and robbed Mosley of his television, VCR, and telephone. Mosley subsequently sustained multiple wounds to the head and neck, and was permanently blinded in his right eye as a result of the attack.

*Id.* at *2. The Court held that the evidence was sufficient to convict Mr. Bush as an accomplice and affirmed the conviction. *Id*. at *2. Mr. Bush did not seek discretionary review of that decision.

Mr. Bush next filed a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1 with the trial court. *Bush v. State*, CR01-1363, 2002 WL 1042329, *1 (2002). The trial court denied the petition without a hearing. *Id*. Mr. Bush appealed the trial court's decision to the Arkansas Supreme Court, but the Court, in a *per curiam* order, dismissed the appeal when Mr. Bush failed to file a brief that included an abstract of the material parts of the record, as required by Arkansas Supreme Court Rule 4-2(a)(6). *Id*.

Mr. Bush filed this federal habeas petition under 28 U.S.C. § 2254 on October 28, 2014. (#2) In this petition, Mr. Bush alleges he now has "new evidence" to support his claim that Thomas Smith lied and "wrote fabricated statements for Little Rock Detectives that caused Kenneth Bush to get convicted of a crime that he didn't commit." Mr. Bush attaches to his petition an affidavit from Clayton Vann claiming that in 2007, Thomas Smith admitted to him that he stabbed and beat Allister Mosley, and that "Kenny [Bush] didn't have nothing to do with it." (#2 at p. 13)

Mr. Bush also attaches a July 1, 2002 affidavit from Thomas Smith in which Mr. Smith states that he (Smith) made Mr. Bush give him a ride to Allister Mosley's house; that he (Smith) was the person who stabbed Mr. Mosley and enticed Mr. Bush to drive

him to the Mosley house; that the other three people were innocent bystanders; and that the statements he made to the detective were coerced.  (#2 at p. 14)

In a supplement to his petition, Mr. Bush complains that: his trial counsel failed to file a motion to suppress evidence; the State failed to prove his guilt with sufficient evidence; and the State deprived him of his right to a fair and impartial jury under the sixth and fourteenth amendments.  (#7)

Interim ADC Director Larry Norris has responded to the petition (#8), arguing that Mr. Bush's claims are barred by the statute of limitations.  For the reasons discussed below, the Court recommends that Mr. Bush's petition be denied and dismissed.

## III.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for state prisoners to commence habeas corpus proceedings under 28 U.S.C. § 2254.  The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Mr. Bush appealed his conviction to the Arkansas Court of Appeals, which affirmed on June 13, 2001; but he did not seek discretionary review from the Arkansas Supreme Court.  See Ark. Sup Ct. R. 2-4(a); see also *Parmley v. Norris*, 586 F.3d 1066, 1076 (2010)(holding Arkansas Court of Appeals is not a state court of last resort to permit review of its decision by the United States Supreme Court).  Accordingly, Mr. Bush's

judgment became final on July 24, 2001, the last date he could have sought review in the Arkansas Supreme Court.  Ark. Sup Ct. R. 2-3(a) and 2-4(a); see also *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012).

Mr. Bush did not file this habeas petition until October 28, 2014.  Accordingly, his claims are barred by the one-year statute of limitation unless the statute of limitations was tolled.

A.  Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  A state post-conviction application is properly filed when its delivery and acceptance comply with the applicable laws and rules governing filings, including the form of the document, the time limits for its delivery, the court and office in which it must be lodged, and the requisite filing fee.  *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000).

Mr. Bush filed a timely petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1.  He appealed the denial of the petition to the Arkansas Supreme Court, which affirmed based on Mr. Bush's failure to comply with abstracting rules.  *Bush*, 2002 WL at *1.  Thus, Mr. Bush is entitled to statutory tolling until August 29, 2001, when his Rule 37 petition was denied by the trial court, but not during the time his appeal was pending before the Arkansas Supreme Court.

The limitations period for Mr. Bush to file a federal habeas petition expired, at the latest, on August 30, 2002.  He did not file the current petition until October 28, 2014, over twelve years later.  Accordingly, Mr. Bush's claims are barred unless he establishes that he is entitled to equitable tolling.

B.   *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010).  A petitioner is entitled to equitable tolling, however, only if he shows: (1) that he has pursued his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented a timely filing.  *Id*. at 2562 (quoting *Pace*, 544 U.S. at 418).

1.   Diligence

Mr. Bush has not been diligent in pursuing his claims.  On May 22, 2003, he filed a petition for writ of habeas corpus with this Court, which he later moved to dismiss. (#6-2 at p. 1)  In response to the petition, Respondent Norris argued that the petition was either barred by the statute of limitations or the claims had been defaulted. (*Id*.)  Mr. Bush then filed a motion to withdraw his habeas petition, and the Court recommended that motion be granted and the petition be dismissed without prejudice.  (*Id*. at p. 4)  But in its order, the Court cautioned Mr. Bush that he likely faced a statute of limitations problem.  (*Id*. at p. 3)  The recommendation was adopted and the petition was dismissed without prejudice.  (#6-3)  In spite of the Court's warning, Mr. Bush waited eleven years to file his petition.

6

2. Extraordinary Circumstances

Under settled law, a petitioner's pro se status, lack of legal knowledge or legal resources, or confusion about the federal limitations period or state post-conviction law, cannot justify equitable tolling. See, e.g., *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004).

Mr. Bush has not established that extraordinary circumstances prevented him from filing a timely habeas petition; and he does not claim that the conduct of any State actor made it impossible for him to raise claims he now brings. He does not point to any action or circumstance attributable to the State – or to any other cause – that prevented him, in the exercise of reasonable diligence, from discovering and raising his claims in a timely habeas petition.

This is not a case where Mr. Bush overran the statute of limitations by days, weeks, or even months. The Arkansas Court of Appeals affirmed his conviction and sentence many years before he filed the pending petition, and the Court alerted Mr. Bush to the statute of limitations in its recommendation on his first petition.

Based on the record here, the Court cannot conclude that Mr. Bush diligently pursued his rights or that extraordinary circumstances stood in the way of his doing so. Accordingly, equitable tolling cannot save his federal petition.

C. *Actual Innocence*

In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013), the United States Supreme Court held that actual innocence, if proved, serves as a gateway through

which a petitioner may pass to overcome a statute of limitations bar. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" that was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951–53 (8th Cir. 2011), cert. denied, 133 S.Ct. 137 (2012). Here, Mr. Bush has not come forward with new evidence to establish actual innocence.

The Arkansas Court of Appeals summarized the evidence presented at trial as follows:

> On December 6, 1999, Allister Mosley, a quadriplegic, was alone at his apartment when he heard a knock on his front door. When he looked out of the peephole, he noticed that the person standing at the door was his friend, Thomas Smith. Mosley opened the door, and Smith walked into his apartment with appellant [Mr. Bush] and two other persons. After one of the visitors went to use the bathroom, Mosley saw appellant "whisper something to Thomas." At that point, Mosley's telephone rang, and while he was answering it, Smith hit him on the head. According to Mosley, appellant then pointed "something at [him] in [appellant's] pocket" and told him "don't move or we're going to blast your ass." Thereafter, Smith stabbed Mosley and hit him in the head with a chair five times. Mosley testified that appellant and the others then robbed him of his television, VCR, and telephone. He testified that he sustained multiple wounds to his back, neck and eye as a result of the December 6 incident, and that he is permanently blind in his right eye from the attack. Appellant's sister,

> Brenda Bush, testified that she accompanied appellant to Mosley's home on December 6, 1999. Bush testified that Thomas Smith was responsible for attacking Mosley and that another man named Timothy Jackson was the person who "had his finger in his jacket." Bush denied that appellant had any involvement with the December 6 crimes against Mosley.

*Bush*, at *1.

Mr. Bush's claim of actual innocence here rests on his assertion that Thomas Smith lied and gave fabricated statements to detectives. In an affidavit from Clayton Vann, Mr. Vann states that Thomas Smith admitted to him that he stabbed and beat Mr. Mosley, and that Mr. Bush didn't have anything to do with it. (#2 at p. 13) Mr. Vann's statement is similar to testimony Brenda Bush gave at trial, which was rejected by the jury.

Likewise, Mr. Smith's statement that he forced Mr. Bush to give him a ride to Allister Mosley's house, that he is the person who stabbed Mr. Mosley, and that the other people were innocent bystanders is also similar to Ms. Bush's trial testimony that Mr. Smith was responsible for the attack and Mr. Bush did not have any involvement in the crimes.

Even if statements Mr. Smith made to the detective were coerced, the victim testified that Mr. Bush was present and participated in the aggravated robbery. And, as the Arkansas Court of Appeals points out, there was ample evidence produced at trial to hold Mr. Bush liable as an accomplice. *Id*. at *2. The affidavits Mr. Bush offers in support of his actual innocence claim, combined with the evidence presented at trial, are

insufficient to establish that no juror, acting reasonably, would have voted to find Mr. Bush guilty beyond a reasonable doubt.

Additionally, Mr. Bush has not presented "new" evidence. He could have attacked the credibility of Mr. Smith's statements to detectives and could have subpoenaed Mr. Smith to testify at trial.[2] Mr. Smith's affidavit is dated July 1, 2002. Mr. Vann's affidavit is recent but describes a statement Mr. Smith made to him in 2007. And Mr. Bush's affidavit recounts a statement that Mr. Smith made to Captain Culclager in November, 2010. All of the information Mr. Bush presents as new has been accessible to him for years. In sum, Mr. Bush has not come forward with new evidence establishing actual innocence in order to overcome the expiration of the statute of limitations.

## IV. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if Mr. Bush has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (c)(1)-(2). In this case, after considering Mr. Bush's petition and his addendum, it is clear that there is no basis for the Court to issue a certificate of appealability.

---

[2]The respondent has not supplied the Court with the trial transcript and it is unclear from the opinion of the Arkansas Court of Appeals whether Mr. Smith testified at Mr. Bush's trial.

## V.     Conclusion

After reviewing Mr. Bush's claims for habeas relief, the attachments and the addendum, Mr. Bush's claims are barred by the one-year limitations period established by 28 U.S.C. § 2244(d).  Accordingly, the Court recommends that Mr. Bush's petition for writ of habeas corpus (#2) be DISMISSED, with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 30th day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE